IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL KAZUO SAIKI, individually and as trustee,<br><br>                Plaintiff,<br><br>  vs.<br><br>LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST SERIES 2003-BC2; LASALLE BANK NATIONAL ASSOCIATION; WILSHIRE CREDIT CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION; and DOES 1 THROUGH 10,<br><br>                Defendants.<br>_____ | CIVIL NO. 10-00085 JMS/LEK<br><br>ORDER GRANTING DEFENDANTS LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST SERIES 2003-BC2, LASALLE BANK NATIONAL ASSOCIATION, AND WILSHIRE CREDIT CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS |

**ORDER GRANTING DEFENDANTS LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST SERIES 2003-BC2, LASALLE BANK NATIONAL ASSOCIATION, AND WILSHIRE CREDIT CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. INTRODUCTION**

On October 30, 2009, Plaintiff Karl Kazuo Saiki ("Plaintiff") filed this

class action in state court alleging claims against Defendants LaSalle Bank

National Association as Trustee for Structured Asset Investment Loan Trust Series

2003-BC2, LaSalle Bank National Association, and Wilshire Credit Corporation, (collectively "LaSalle Defendants"), and Cal-Western Reconveyance Corporation ("Cal-Western") for alleged defects in the foreclosure notice on Plaintiff's property located at 2208 Liliha Street, Apartment A, Honolulu Hawaii 96817 (the "subject property"). Wilshire Credit Corporation subsequently removed the action to this court.

Currently before the court is LaSalle Defendants' Motion for Judgment on the Pleadings, which Cal-Western joins.[1] LaSalle Defendants argue, among other things, that dismissal is appropriate because the legal bases of Plaintiff's claims fail as a matter of law and/or are moot in light of events that occurred after Plaintiff filed this action. Based on the following, the court GRANTS LaSalle Defendants' Motion.

## II. BACKGROUND

A.  **Factual Background**

As alleged in the Complaint, on November 14, 2002, Plaintiff secured a mortgage on the subject property with BNC Mortgage, Inc. and its nominee

---

[1] Cal-Western also filed its own Motion for Summary Judgment, or in the Alternative, for Summary Adjudication, which raises the same basic arguments as in LaSalle Defendants' Motion. Given that the court can take judicial notice of the only "evidence" necessary to determine LaSalle Defendants' Motion (or for that matter, Cal-Western's), the court addresses LaSalle Defendants' Motion only, and need not address Cal-Western's Motion. Given that the court grants LaSalle Defendants' Motion, the court DEEMS MOOT Cal-Western's Motion.

Mortgage Electronic Registration Systems, Inc., for $308,000. Compl. ¶ 18.

On September 28, 2009, Plaintiff received a "Notice of Mortgagee's Intention to Foreclose Under Power Of Sale" ("Notice of Foreclosure"), scheduling a public auction for October 30, 2009 at 12:00 noon. *Id.* ¶ 19; *id.* Ex. A. The Notice of Foreclosure, signed by Lorrie Womack, A.V.P., for "LaSalle Bank National Association as Trustee for Structured Asset Investment Loan Trust Series 2003-BC2 by [Cal-Western] as Agent for Mortgagee," provides:

> At the close of the auction, Purchaser shall pay at least 10% of the highest successful bid price ("Bid") . . . . In order to comply with recording the Mortgagee's Affidavit within the statutory timeframe, no later than thirty days from the date of sale, purchaser shall deliver to [Cal-Western] a cashier's check for the remaining balance of the bid price, no later than the 21st day following sale.

*Id.* Ex. A.

The Complaint asserts that the Notice of Foreclosure violated both Hawaii Revised Statutes ("HRS") §§ 667-5 and 667-5.7 because it was not "noticed by a licensed attorney in the State of Hawaii and requir[ed] a full down payment within twenty-one days prior to a thirty-day closing." *Id.* ¶ 23.

On February 2, 2010, the State of Hawaii Bureau of Conveyances recorded a "Notice of Rescission of Mortgagee's Intention to Foreclosure Under

3

Power of Sale" ("Notice of Rescission").  *See* LaSalle Defs.' Ex. A.[2]  The Notice of Rescission, again signed by Lorrie Womack, provides:

> Notice is Hereby Given that the undersigned, as such Mortgagee does hereby rescind, cancel and withdraw said Notice of Mortgagee's Intention to Foreclose Under Power of Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving [or] affecting any breach or default -- past, present or future under said Mortgage, or as impairing any right or remedy thereunder . . . .

*Id.*

**B.     Procedural History**

On October 30, 2009, Plaintiff filed his Complaint in the First Circuit Court for the State of Hawaii, alleging claims based on (1) Defendants' auction requirement that the successful bidder make full payment within twenty-one days of the auction; and (2) the Notice of Foreclosure's failure to be signed by an attorney licensed and located in Hawaii.  Based on these allegations, the Complaint asserts claims titled: (1) Declaratory Judgment (Count I); (2) Injunctive Relief (Count II); (3) Punitive Damages (Count III); (4) Accounting (Count IV); and (5) Constructive Trusts (Count V).

---

[2] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of LaSalle Defendants' Exhibit A, the Notice of Rescission, which was recorded in the State of Hawaii Bureau of Conveyances.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

On February 19, 2010, Wilshire Credit Corporation removed the action to this court. On November 23, 2010, LaSalle Defendants filed their Motion for Judgment on the Pleadings, which Cal-Western joined on December 9, 2010. On December 15, 2010, Cal-Western filed its own Motion for Summary Judgment. On January 14, 2011, Plaintiff filed an Opposition to both Motions, and Replies were filed on January 24, 2011. A hearing was held on February 7, 2011.

### III.  STANDARDS OF REVIEW

A.  **Rule 12(b)(1)**[3]

Mootness is a question of subject matter jurisdiction properly raised under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation signals omitted). In a mootness inquiry, the defendant bears a

---

[3] At the hearing, the parties agreed that the mootness argument could be addressed pursuant to Rule 12(b)(1).

particularly "heavy burden." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 645 (1979) (citations and quotations omitted).

**B.     Rule 12(c)**

A party may make a motion for judgment on the pleadings at any time after the pleadings are closed, but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). In considering a Rule 12(c) motion, the court must accept as true all factual allegations in the complaint, and construe them in the light most favorable to the non-moving party. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings should be granted when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

Prior to *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Ninth Circuit recognized that Rule 12(c) motions are virtually identical to Rule 12(b)(6) motions, and applied the same standard of review to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6) motions differ in time of filing but are otherwise "functionally identical," and applying the same standard of review). Following *Iqbal*, courts have applied *Iqbal* to Rule 12(c) motions. *E.g.*, *Wahl v. Am. Sec. Ins. Co.*, 2010 WL 1881126, at *3 (N.D. Cal. May 10, 2010) (applying the *Iqbal* standard and

citing cases); *Point Ruston, L.L.C. v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners*, 658 F. Supp. 2d 1266, 1273 (W.D. Wash. 2009).

Accordingly, pursuant to *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.

## IV.  DISCUSSION

Although Plaintiff asserts five separately-enumerated claims (seeking relief of a declaratory judgment, injunctive relief, punitive damages, an accounting,

and a constructive trust), all of these "claims" for relief are based on Defendants' alleged violations of HRS §§ 667-5 and 667-5.7 by (1) issuing a Notice of Foreclosure that was not signed by a Hawaii attorney, and (2) requiring full payment from the successful bidder at the auction within twenty-one days after the auction. Defendants argue that neither allegation can support Plaintiffs' claims because the Notice of Foreclosure was rescinded such that it does not create a present controversy, and this court has already rejected that HRS § 667-5.7 prevents a mortgagee from requiring full payment within twenty-one days after the sale. The court addresses these arguments in turn.

### A.   HRS § 667-5

Section 667-5 requires that "an attorney who is licensed to practice law in the State and is physically located in the State . . . [g]ive notice of the mortgagee's, successor's, or person's intention to foreclose the mortgage and of the sale of the mortgaged property . . . ." Plaintiff asserts that Defendants violated § 667-5 by having Lorrie Womack, who is neither an attorney licensed to practice in Hawaii nor is located in Hawaii, sign the Notice of Foreclosure. Defendants -- who appear to admit a violation of § 667-5 -- nonetheless argue that Plaintiff's claim is moot because Cal-Western rescinded the Notice of Foreclosure such that there is no live controversy between the parties.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Davis*, 440 U.S. at 631 (citations and quotations omitted). Voluntary cessation of challenged conduct renders a claim moot if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (citations omitted). A defendant's voluntary change in policy only renders a claim moot if it is "'a permanent change' in the way it [does] business and [is] not a 'temporary policy that the agency will refute once this litigation has concluded.'" *Smith v. Univ. of Wash., Law Sch.*, 233 F.3d 1188, 1194 (9th Cir. 2000) (quoting *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000)).

Although Defendants have a heavy burden, even Plaintiff appears to recognize that the Notice of Rescission moots any claims based on the Notice of Foreclosure. *See* Pl.'s Opp'n at 15 (conceding that "much of the relief requested on an individual basis has now become moot"). The court agrees that the Notice of Rescission moots Plaintiff's claims based on Notice of Foreclosure -- there is no existing controversy based on the Notice of Foreclosure because Cal-Western rendered the Notice of Foreclosure void by rescinding it. In other words, Defendants cannot foreclose on the subject property unless they issue a new Notice

of Foreclosure. Although Defendants could conceivably issue another Notice of Foreclosure that also fails to comply with HRS § 667-5, that Notice of Foreclosure would give rise to a separate claim from what is alleged in the Complaint, which is based on this particular Notice of Foreclosure. Further, although Cal-Western appears to admit it did not comply with the requirements of § 667-5, Plaintiff cannot seek equitable relief because the Notice of Foreclosure is void, and Plaintiff is not otherwise entitled to damages for this defect. *See Silva v. Lopez*, 5 Haw. 424, 1885 WL 5036, at *4 (Haw. 1885) (finding that in an action to set aside mortgage foreclosure due to irregularity, the claimant was "entitled to have the property returned to him or to be paid its value, but no more"); *see also Wilson v. ABN AMRO Mortg. Grp.*, 2005 WL 3275849, at *3 (D. D.C. Sept. 30, 2005) (finding that appeal of bankruptcy court's denial of injunctive relief to prevent foreclosure was moot where the debtor paid the arrearage and the foreclosure was cancelled).

That Plaintiff brought this action as a class action does not change the analysis. In general, "[t]o continue their involvement in a suit the named plaintiff must be a member of the class which he seeks to represent at the time the class action is certified by the District Court." *Joshevama v. Office of Surface Mining*, 2007 WL 1381592, at *9 (D. Ariz. May 7, 2007) (citing *Troy v. Shell Oil Co.*, 519

F.2d 403, 404-05 (6th Cir. 1975); *Kuahulu v. Employers Ins. of Wausau*, 557 F.2d 1334, 1336 (9th Cir. 1977) (stating that an individual may represent the class even if his claim is moot, "[b]ut in order to do so, one must have been a member of the class at the time the class was certified")). Although exceptions to this general rule may exist where a plaintiff's claims become moot while *seeking* class certification,[4] the court could find no exceptions that might apply here, where Plaintiff commenced this action over fifteen months ago and has yet to take any steps to seek class certification. *See Marschall v. Recovery Solution Specialists, Inc.*, 2010 WL 3937992, at *1 (9th Cir. Oct. 5, 2010) (affirming dismissal of class claims where the plaintiff "had a reasonable opportunity to file a motion for class certification but failed to do so"); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000) ("So long as a class representative has a live claim at the time he moves for class certification, neither a pending motion nor a certified class action need be dismissed if his individual claim subsequently becomes moot."); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d

---

[4] *See, e.g.*, *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1985) (holding that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. The proposed representative retains a personal stake in obtaining class certification sufficient to assure that Art. III values are not undermined"); *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1264 (9th Cir. 2010) ("[W]hen a class representative voluntarily settles his or her individual claims, but specifically retains a personal stake as identified by *Geraghty* and *Roper*, he or she [also] retains jurisdiction to appeal the denial of class certification.").

1030, 1046 (5th Cir. 1981) ("[A] lawsuit brought as a class action must present justiciable claims at each stage of the litigation; if the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness."); *Kuahulu*, 557 F.2d at 1337 (stating that although "automatic dismissal [is not required] in every case where the district court has failed to certify the class before the representative's claim has become moot," the plaintiff presented no facts suggesting that dismissal is not appropriate).

In sum, Plaintiff's claims, to the extent based on Cal-Western's improper notice, are now moot. The court therefore GRANTS LaSalle Defendants' Motion as to Plaintiff's claims based on violation of HRS § 667-5.

**B.     HRS § 667-5.7**

The auction rules for the subject property provided that LaSalle Defendants required a ten percent down payment from the successful bidder at the public sale, and required full payment within twenty-one days after the auction. Compl. Ex. A. Plaintiff asserts that these requirements violated HRS § 667-5.7, which provides:

> At any public sale pursuant to section 667-5, the successful bidder at the public sale, as the purchaser, shall not be required to make a down payment to the foreclosing mortgagee of more than ten percent of the

highest successful bid price.

This court has already interpreted § 667-5.7 -- in both *Gaspar v. Bank of Am., N.A.*, 2010 WL 4226466 (Oct. 18, 2010), and *Rundgren v. Bank of New York Mellon*, 2010 WL 4066878 (Oct. 14, 2010) -- and rejected the argument Plaintiff now makes.  Specifically, this court interpreted § 667-5.7 as creating no requirement limiting when, after the public sale, the mortgagee can demand payment of the balance of the bid price.  The court came to this conclusion based on the plain language of the statute -- the phrase "[a]t any public sale" acts as a temporal limitation and qualifies the words that follow, meaning that at the public sale, a mortgagee cannot require the successful bidder to pay more than a ten percent down payment.  Although recognizing that the analysis could stop at this point, the court nonetheless considered the legislative history of § 667-5.7 to find additional support for its interpretation, and also rejected Plaintiff's policy argument on the basis that the court cannot rewrite the statute where the language is clear.  *See Gaspar*, 2010 WL 4226466, at *4-6; *Rundgren*, 2010 WL 4066878, at *3-4.

In opposition, Plaintiff argues that this interpretation of § 667-5.7 is in error because (1) § 667-5.7 is ambiguous because it refers to the "public sale" twice and the term "down payment" is unclear, and (2) the court's interpretation

will lead to an absurd result of allowing mortgagees to demand full payment immediately after the auction, thereby decreasing competition.  The court has already addressed these arguments as well, when counsel for Plaintiff sought reconsideration in *Rundgren*.[5]  As the court previously explained, the court rejects that § 667-5.7 is at all ambiguous -- the initial prepositional phrase "[a]t any public sale" provides a temporal limitation, while the second reference to the "public sale" in the phrase "the successful bidder at the public sale" simply identifies who has won the auction.  Further, the term "down payment" is easily understood as the amount of money the successful bidder must pay at the auction.

With no ambiguity in § 667-5.7, Plaintiff is simply left with a policy argument that allowing mortgagees to demand full payment before closing is unfair.  The legislature has not shown any intent to prevent this practice -- whether in the language of § 667-5.7 or through the legislative history.  *See Rundgren v. Bank of New York Mellon*, Civ. No. 10-00252 JMS/LEK, Order Denying Motion for Reconsideration of Order Granting Motion to Dismiss First Amended Complaint, Doc. No. 43.

Plaintiff also argues that the court should certify to the Hawaii

---

[5] Plaintiff mistakenly asserts that the court had not previously addressed these arguments, *See* Pl.'s Opp'n 10, but Plaintiff's counsel raised these arguments for the first time in a motion for reconsideration in *Rundgren*.  Although procedurally improper, the court nonetheless addressed these arguments in denying the motion for reconsideration.

Supreme Court the issue of whether HRS § 667-5.7 precludes a mortgagee from requiring full payment within twenty-one days after the foreclosure date. The court rejects that certification is appropriate. *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974) (noting that the use of certification rests in the sound discretion of the federal court); *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985) (same). This court may certify a question to the Hawaii Supreme Court when it concerns "law of Hawaii that is determinative of the cause and . . . there is no clear controlling precedent in the Hawaii judicial decisions . . . ." Haw. R. App. P. 13(a). Although the Hawaii Supreme Court has not addressed the specific issue raised by Plaintiff, *Rundgren* and *Gaspar* found that HRS § 667-5.7 was reasonably clear such that the court can readily predict how the Hawaii Supreme Court would decide the issue. *See Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) (stating that federal courts use their "best judgment to predict how the Hawaii Supreme Court would decide this issue"). As explained above, the court found that the plain language of HRS § 667-5.7 answered this issue quite clearly; that Plaintiff disagrees with interpretation is not sufficient basis to certify the question. *See Pai'Ohana v. United States*, 875 F. Supp. 680, 700 (D. Haw. 1995) ("Questions should not be certified if the answer is reasonably clear.").

    The court therefore GRANTS LaSalle Defendants' Motion as to

Plaintiff's claims that are based on violation of HRS § 667-5.7.

**C.     Leave to Amend**

In sum, Plaintiff's claims based on Defendants' issuance of a Notice of Foreclosure that was not signed by a Hawaii attorney, and requirement that the successful bidder make full payment within twenty-one days after the auction, fail. Because the Complaint fails to allege any other bases to support Plaintiff's claims for declaratory judgment, injunctive relief, punitive damages, an accounting, or a constructive trust, these claims must all be dismissed.

Given that no claims remain, LaSalle Defendants argue that this action should be dismissed and Plaintiff should not be granted leave to amend because the deadline for motions to amend pleadings has already passed and Plaintiff cannot establish the "good cause" necessary to amend a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff makes no argument that he was diligent in seeking to amend his pleadings, and indeed, Plaintiff does not seek to clarify his claims to make them cognizable under the law. Rather, Plaintiff suggests that the court should grant him

leave to amend the Complaint "to add additional [plaintiffs] for the purpose of setting aside the nonjudicial foreclosures of other homeowners who experienced violations of Part I of Chapter 667 of the Hawaii Revised Statutes." Pl.'s Opp'n 15.  In other words, Plaintiff appears to admit that *his* claims are not cognizable, but that perhaps *other plaintiffs* may be able to assert similar claims.  There is no reason, however, why these other plaintiffs cannot file their own action.  Further, Plaintiff certainly has not shown diligence in seeking amendment, especially where he knew his claims were moot in February 2010 when the Notice of Rescission was filed.  The court therefore DENIES Plaintiff leave to amend.

## V. <u>CONCLUSION</u>

Based on the above, the court GRANTS LaSalle Defendants' Motion for Judgment on the Pleadings.  The Clerk of Court is directed to close this case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 10, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Saiki v. LaSalle Bank Nat'l Assoc. as Tr. for Structure Asset Inv. Loan Trust Series 2003-BC2, et al.*, Civ. No. 10-00085 JMS/BMK, Order Granting Defendants LaSalle Bank National Association as Trustee for Structured Asset Investment Loan Trust Series 2003-BC2, LaSalle Bank National Association, and Wilshire Credit Corporation's Motion for Judgment on the Pleadings